IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUKE ALEXANDER PRINDABLE, #462931, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 21-cv-00696-JPG |
| DR. GADFREY, JAYCENA, R.N. TOM, CITY OF BELLEVILLE, ILLINOIS, JOHN DOE, and NURSE BONNIE, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Luke Prindable, an inmate at St. Clair County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80. (Docs. 1, pp. 1-20). During his detention at the Jail, Plaintiff claims that he was given a cocktail of medications that caused stomach pain, diarrhea, and bloody stools. Dr. Gadfrey and Nurse Bonnie failed to inform him about the risks of adverse side effects when prescribing the medications. The medical staff simply assured him that the medications would make him feel better. Plaintiff claims the defendants poisoned him, and he seeks money damages from them.

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief

1

must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The Complaint includes the following allegations (Doc. 1, pp. 1-14): During his detention at the Jail in March and April 2021, Plaintiff was prescribed a cocktail of medications for pain and depression that included ibuprofen, acetaminophen, mirtazapine (Remeron),[1] and lithium.[2] Not long after, Plaintiff began suffering from severe stomach pain, cramping, and bloody stools.

Plaintiff claims that no one ever warned him of these side effects when prescribing the medications. When Dr. Gadfrey prescribed him mirtazapine (Remeron) and lithium, he offered no information about either drug's side effects. (*Id*. at 1, 9). Dr. Gadfrey just told Plaintiff that the pills would help his depression. (*Id*.). When Nurse Bonnie provided him with ibuprofen, she offered no information about its adverse side effects. (*Id*. at 8, 14). The nurse simply told Plaintiff the ibuprofen would help him. (*Id*.). She then failed to take his vital signs, accurately record his symptoms, or address his complaints. (*Id*. at 11).

Others refused to address his symptoms as well. When Plaintiff asked EMT Jaycena and RN Tom to send him to a hospital and pump his stomach, they refused. (*Id*. at 2, 6, 11). This was despite his reports of severe stomach pain and obviously bloody stools. (*Id*. at 11). However, when he reported his symptoms to "Dr. M,"[3] Plaintiff was switched from ibuprofen to acetaminophen. (*Id*. at 9). He does not indicate whether his symptoms subsided.

Plaintiff requested information about each drug's side effects and, only then, learned that the adverse side effects could be dangerous and even life-threatening. (*Id*. at 11). Dr. Gadfrey and

---

[1] Mirtazapine (Remeron) is an antidepressant that is used to treat major depressive disorder in adults. (*See* https://www.drugs.com/search) (site last visited Oct. 6, 2021).
[2] Lithium is a mood stabilizer that is used to treat or control the manic episodes of bipolar disorder. (*Id.*).
[3] Dr. M. is not a defendant in this action, and Plaintiff asserts no claims against him.

Nurse Bonnie never provided this information before administering the drugs. (*Id*. at 6). In fact, Plaintiff believes they were attempting to murder him, and he suspects the lithium pills were actually filled with baking soda and lye. (*Id*. at 6, 11). Plaintiff now sues Dr. Gadfrey, Nurse Bonnie, EMT Jaycena, RN Tom, the City of Belleville, and John Doe (unknown pharmaceutical company that supplies the Jail) for money damages. (*Id*.).

## **Preliminary Dismissals**

Plaintiff lists the City of Belleville and John Doe (pharmaceutical company) as defendants, but he sets forth no allegations against either one in the body of the Complaint. Naming a defendant in the case caption is not enough to state a clam against that person or entity. *Collins v. Kibort*, 143 F.3d 3313, 334 (7th Cir. 1998). To pursue a claim for money damages under § 1983, a plaintiff must allege that a person acting under color of state law violated rights secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988). A private pharmaceutical company, like John Doe (unknown pharmaceutical company), is not a "person" for purposes of § 1983 liability here, and Plaintiff points to no policy, custom, or practice of the company that caused the deprivations at issue. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782 (7th Cir. 2014) (private medical corporation may exhibit deliberate indifference through an unconstitutional policy or practice that causes a constitutional violation to occur). A municipality, like the City of Belleville, cannot be held vicariously liable for the constitutional torts of its employees under § 1983, and Plaintiff refers to no policy, custom, or practice of the municipality that caused a constitutional deprivation to occur. *Monell v. Dept. of Social Security Servs.*, 436 U.S. 658 (1978). Given this, John Doe (pharmaceutical company) and City of Belleville shall be dismissed without prejudice from this action because the Complaint fails to state a claim against these defendants.

3

### Discussion

Turning to the allegations in the *pro se* Complaint, the Court finds it convenient to designate the following enumerated counts:

> **Count 1:** Fourteenth Amendment claim against Dr. Gadfrey and Nurse Bonnie for denying Plaintiff informed consent when they prescribed him a cocktail of medications that includes ibuprofen, acetaminophen, mirtazapine (Remeron), and lithium in March and April 2021 without providing an explanation of the adverse side effects.
>
> **Count 2:** Eighth or Fourteenth Amendment claim against Dr. Gadfrey and Nurse Bonnie for failing to treat Plaintiff's adverse side effects (stomach pain, cramps, and bloody stools) in March and April 2021.
>
> **Count 3:** Eighth or Fourteenth Amendment claim against EMT Jaycena and RN Tom for refusing to send Plaintiff for treatment at a hospital or to pump his stomach when he complained of adverse side effects that included severe stomach pain, cramps, and bloody stools in March and April 2021.
>
> **Count 4:** FTCA claim against Defendants for prescribing Plaintiff medications without informing him of adverse side effects and then failing to treat him for the same in March and April 2021.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

### Count 1

The Fourteenth Amendment guards against the deprivation of liberty or property without due process of law. *Washington v. Glucksberg*, 521 U.S. 702, 720-22 (1997). The Supreme Court of the United States has recognized a "general liberty interest in refusing medical treatment." *Cruzan v. Dir. Mo. Dep't of Health*, 497 U.S. 261, 278 (1990); *Vitek v. Jones*, 445 U.S. 480, 494 (1980); *Parham v. J.R.*, 442 U.S. 584, 600 (1979). Courts of Appeals have likewise recognized an inmate's limited right to informed consent for treatment. *See, e.g., Poban v. Wright*, 459 F.3d 241, 249-50 (2d Cir. 2006); *White v. Napoleon*, 897 F.2d 103, 113 (3d Cir. 1990); *Rainwater v.*

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Alarcon*, 268 F. App'x 531, 534 (9th Cir. 2008). Recently, the Seventh Circuit Court of Appeals joined all other circuits in holding that prisoners have a Fourteenth Amendment right to informed consent. *Knight v. Grossman*, 942 F.3d 336, 343-44 (7th Cir. 2019), *cert. denied*, 141 S. Ct. 233, 208 L.Ed.2d 15 (2020). The Court observed that "[t]he right to refuse medical treatment carries with it an implied right to the information necessary to make an informed decision about whether to refuse the treatment." *Id*.

A prisoner's informed consent claim is now evaluated under a two-step framework. *Knight*, 942 F.3d at 343-44. First, the prisoner must demonstrate that his right to informed consent was violated. (*Id*.). To do so, he must prove the following: (1) he was deprived of information that a reasonable patient would deem necessary to make an informed decision about his medical treatment; (2) the defendant acted with deliberate indifference to the prisoner's right to refuse treatment; and (3) if the prisoner had received the information, he would have refused the treatment. *Id*. If the prisoner establishes that his right to informed consent was violated, the court must next balance the prisoner's right to informed consent against countervailing state interests. *Id*. Liability only arises where the prisoner's right outweighs the state's interests. *See, e.g., Poban v. Wright*, 459 F.3d 241, 221 (2d Cir. 2006) ("If prison officials, including doctors, identify situations in which they reasonably believe that treatment is required, notwithstanding the prisoner's asserted right to refuse it, the right must give way."). At this stage, the allegations support an informed consent claim against Dr. Gadfrey and Nurse Bonnie. Accordingly, Count 1 shall receive further review against both defendants.

### Counts 2 and 3

The applicable legal standard for Counts 2 and 3 depends on Plaintiff's status as a pretrial detainee or convicted prisoner in March and April 2021. If he was a pretrial detainee, these claims

are governed by the Fourteenth Amendment's objective unreasonableness standard articulated in *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018). If he was a convicted person, these claims are controlled by the Eighth Amendment deliberate indifference standard articulated in *Estelle v. Gamble*, 429 U.S. 97 (1976). Either way, the Court finds that the allegations articulate a claim against Dr. Gadfrey and Nurse Bonnie in Count 2 and against EMT Jaycena and RN Tom in Count 3 for the objectively unreasonable or deliberately indifferent denial of medical treatment. Plaintiff's legal status and the applicable legal standard can be sorted out as the case proceeds.

## Count 4

The FTCA claim shall be dismissed with prejudice. The Act authorizes "civil actions on claims against the **United States**, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any **employee of the Government** while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (emphasis added). Plaintiff did not name the United States as a defendant, and his claims do not arise from misconduct of federal officials. Given this, Count 4 shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## Pending Motions

### A.   Motion for Recruitment of Counsel (Doc. 4)

Plaintiff's Motion for Recruitment of Counsel (Doc. 4) is **DENIED without prejudice**, as he has described no efforts to find an attorney on his own before asking the Court to recruit counsel for him. Plaintiff should contact at least three attorneys or firms and request representation in this case. If his requests are denied and he is otherwise unable to represent himself, Plaintiff may file a new motion in this case. When doing so, he should provide copies of all letters sent to and received from those attorneys or firms that denied him representation. Alternatively, he should

attach a list of the attorneys/firms he contacted, indicate the dates of each contact, state whether he sought representation for this case, and briefly describe the response he received.

B.     **Motion for Copies (Doc. 26)**

The Motion for Copies is **GRANTED in part** and **DENIED in part**.  Plaintiff's request for a courtesy copy of his Complaint is **GRANTED**.  However, his requests for a wellness check for suspected food contamination and for vegetables with his meals are **DENIED** as being unrelated to the claims asserted or relief sought in this case.  *See Oswald v. Dep't of Corr.*, 17-CV-1437-PP, 2018 WL 4623583, at *2 (E.D. Wis. Sept. 26, 2018) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Neuroscience, Inc. v. Forrest*, No. 12-cv-813-bbc, 2013 WL 6331346, at *1 (W.D. Wis. Dec. 5, 2013) (denying motion for preliminary injunction because it raised issues outside scope of complaint)).  Plaintiff may file a motion for preliminary injunctive relief in the lawsuit where he raises these claims, or he may bring a new lawsuit to address these claims in the first instance.

## Disposition

**IT IS ORDERED** that the Complaint (Docs. 1) survives screening, as follows: **COUNTS 1** and **2** will proceed against Defendants **DR. GADFREY** and **NURSE BONNIE**, and **COUNT 3** will proceed against **EMT JAYCENA** and **RN TOM**.  These claims are **DISMISSED** without prejudice against all other defendants not named in connection with the claims.

**IT IS ORDERED** that **COUNT 4** is **DISMISSED** with prejudice against **ALL DEFENDANTS** for failure to state a claim upon which relief may be granted.  Moreover, Defendants **CITY OF BELLEVILLE** and **JOHN DOE (pharmaceutical company)** are **DISMISSED** without prejudice because the Complaint fails to state any claim for relief against them.

The Clerk's Office is **DIRECTED** to **TERMINATE** Defendants **CITY OF BELLEVILLE** and **JOHN DOE (pharmaceutical company)** as parties in CM/ECF and **SEND** a courtesy copy of the Complaint (Doc. 1) to Plaintiff for his records.  **Because this suit addresses one or more medical claims, the Clerk of Court is also DIRECTED to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

The Clerk of Court shall prepare for Defendants **DR. GADFREY, NURSE BONNIE, EMT JAYCENA,** and **RN TOM**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Docs. 1), and this Memorandum and Order to each Defendant's place of employment.  If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to**

8

**Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 10/8/2021**

s/ J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**United States District Judge**

## **Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your First Amended Complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your First Amended Complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.